## Succession of P. E. Schexnaydre.

The widow is only the usufructuary of the homestead conferred under the Act of 1852; the naked ownership is in her children ; and, therefore, no debt due by the widow to the succession of her husband, can be offsetted against the homestead, so as to diminish the capital of the same.

Where the succession is less than one thousand dollars a special mortgagee cannot oppose the allowance of a homestead to the children.

APPEAL from the Second District Court of New Orleans, *Morgan, J.* E. F. *Filleul*, for opponent. H. R. *Grandmont*, for defendant.

BUCHANAN, J. The deceased *Pierre Edmond Schexnaydre* left a widow and three minor children. The succession consisted of a small house in which his family lived, and of some household furniture.

The whole of this property was sold, by order of Court, for seven hundred and eighty-four dollars and fifty cents, exactly the amount of the inventory.

This family is in necessitous circumstances. The widow supports herself and her children by her needle, and has no separate property. The children have no other property than their interest in the estate of their father.

In her account of administration, the widow charges the estate with one thousand dollars, as a homestead for her minor children, under the Act of 1852.

She also charges herself with rent of the house from the death of her husband to the day of sale.

*Bertrand Saloy*, a creditor of the succession with special mortgage, opposes the item allowing a homestead to the children.

The judgment of the District Court upon this opposition decrees a homestead of one thousand dollars to the widow; and deducts therefrom the rent of the house.

*Mrs. Schexnaydre* appeals from this judgment, in her capacity of tutrix, on behalf of her minor children.

The statute of 17th March, 1852, creating a homestead, enacts that whenever the widow and minor children of a deceased person are left in necessitous circumstances, and do not possess, in their own right, property to the amount of one thousand dollars, the said widow or children shall be entitled to demand of the succession of the deceased father or husband, a sum which, added to the amount of property owned by them or either of them in their own right, will make up the sum of one thousand dollars, and which sum shall be paid in preference to all the debts, except those for the vendor's privilege, and expenses incurred in selling the property.

The statute goes on to declare that the sum thus received from the succession of the deceased husband and father shall be held in usufruct by the surviving widow during her widowhood; and shall afterwards vest in, and belong to, the children or other descendants of said deceased.

It results clearly from the terms of this statute, that when, as in the present case, the deceased has left both a widow and children, the widow is only usufructuary of the homestead. The naked ownership is in her children; and, therefore, no debt due by the widow to the succession of her husband, can be offsetted against the homestead, so as to diminish the capital of the same. C. C. 2203; *Succession of Tassin,* 12 An. 885; *Succession of Yarborough,* 13 An. 378.

It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed; that the opposition of *Bertrand Saloy* to the account of administration herein, be dismissed, at his costs in both Courts; and that said account of administration be homologated.